The next case is 4 v. Amazon. Thank you, your honors, and may it please the court. I'm Stephanie Schuster here on behalf of Amazon. The district court exceeded its authority and the broad injunction should be vacated for two independent reasons. First, the court did not find that the injunction was necessary to prevent irreparable harm or restore the status quo, a must for a district court in the circuit to issue relief under Section 10J of the National Labor Relations Act. Second, the injunction violates Rule 65D's specificity requirement because it is no more specific than a vague command that Amazon comply with its existing obligations under the National Labor Relations Act. Either error merits reversal. Starting first with the irreparable harm issue. In this circuit, requests for Section 10J relief are governed by a two-part conjunctive test. A court must find reasonable cause to believe that the alleged unfair labor practice occurred, but the court must also find that the requested injunction is just improper, meaning that an injunction is necessary to prevent irreparable harm or necessary to restore the status quo as it existed before the alleged unfair labor practice. Both requirements, reasonable cause and just improper, must be met, but in this case the district court found only reasonable cause. The court did not- Well, the district court did use the word warranted. I mean, can we construe that to mean just and proper? It wouldn't be warranted unless it was just and proper. We would submit that you can't, Your Honor. Warranted one doesn't get to the necessity to prevent irreparable harm or restore the status quo, and there's no plausible way to read the district court's decision and the detailed factual findings that the court made to say that the court found it was warranted to infer that warranted means to prevent irreparable harm to organizing efforts or employee engagement or restore the status quo. The district court expressly found that there had been no appreciable impact on employee engagement with the union and employee support for the union. In fact, that the employee support had flourished and that employees had supported the union in earnest, so there was no evidence on which an irreparable harm or necessity to restore the status quo finding could have been made, so we can't infer that simply from the word warranted. And the district court didn't even analyze whether relief was necessary to prevent irreparable harm or restore the status quo. It simply concluded that a cease and desist order was warranted because it found reasonable cause to believe the unfair practice occurred. That improperly transforms this court's two-part test into a one-part test. And finding reasonable cause cannot automatically give rise to an inference of reparable harm, principally because the two parts of the test are distinct requirements. The reasonable cause prong is backward-looking, asking whether the alleged unfair practice occurred in the past, whether there's a reasonable cause to believe that. The irreparable harm prong is forward-looking, whether there is a need to prevent harm in the future and whether the injunction is necessary for that purpose. And the district court does say that it's considering the relevant, I grant you, it is a terse paragraph, but it says consideration of the relevant equitable principles and cease and desist order is warranted. And it had just given us pages of analysis of why there was not a need to issue, to reinstate the employee who had been terminated. Why wouldn't we, reading this opinion in its totality, simply conclude that it was making both findings, it just wasn't making them, you know, we might be getting close to requiring robotic incantations, given the entirety of this opinion to say that the district court had not done enough? Well, this isn't an instance where the court had made some findings that you could then transpose and say that supported a need to issue the cease and desist order. As Your Honor pointed out correctly, the pages and pages of findings was about how there was no evidence in the record from which you can conclude that Bryson-specific relief was necessary, the reinstatement of the employee was necessary, because there was no evidence in the record of a diminution in support for the Amazon Labor Union, of a chilling on employee bargaining activity, and in fact the evidence showed the opposite, that employee bargaining and collective activity had been, I think it proceeded in earnest, had grown robustly since the labor union formation. So there was no evidence of irreparable harm. What about the second part? To preserve the status quo? So things, you know, to stop Amazon from doing things to disrupt the status quo? Or why wouldn't that fit? So as this court held in the Remington Lodging case and in others, the relevant status quo is the status quo ante, meaning the status quo as it existed at the time before the alleged unfair labor practice occurred. The alleged unfair labor practice here is the termination of the particular employee back in 2020, and what the district court found on that point was that there was no evidence that current levels of employee engagement are any lower than they would otherwise have been, and therefore that any status quo must be restored. That's at page 145 of the joint appendix. So the district court's finding precludes even an inference as to a necessity to restore the status quo, again, that being the status quo ante. There was simply no evidence of the necessity of this relief, and it seems clear from the court's decision that it thought it was issuing harmless relief, because it, again, simply confirms Amazon's existing obligations under the National Labor Relations Act, but that is the second alternative reason why we submit that this injunction must be vacated. What's wrong with an obey-the-law injunction? Obey-the-law injunctions are, they violate the Rule 65D specificity requirement. Putting aside whether, is there any burden on Amazon? Absolutely. There's the threat of contempt. Violation of the National Labor Relations Act can come with liability and the remedies that the Act provides for violations. Violation of a court order comes at the peril of contempt, and so it's adding that additional level of risk and peril to the enjoined party, and that's why this court and the Supreme Court have consistently held, going back more than 100 years, the Supreme Court held that you cannot have a simple obey-the-law injunction. And that's why Rule 65D's specificity requirement exists. For that reason and the other purposes- The board cites a number of cases where injunctions were issued with very similar language. There are some cases and there were district court cases that the district court relied on where the courts said very clearly this simply reconfirms the employer's existing obligations. Those district court decisions we would submit are incorrect and inconsistent with, again, that 100 years worth of precedent that say you cannot have an obey-the-law injunction because it is not a meaningless risk to put a company and its operations at the peril of contempt, particularly when you don't have specificity about what precisely is prohibited. The risk is various actions can be alleged to be contempt of court and a violation of the order. And again, the second purpose for that specificity requirement is to enable meaningful judicial review, and part of the problem we're having is we don't understand the basis for the injunction, and that's because the district court did not articulate that basis, and the injunction it issued really is just a broad command not to engage in a category of unfair labor practices. And what that means is the heart of the underlying dispute between the parties. So Amazon cannot tell from the four corners of the injunction precisely what conduct is prohibited, and that's the standard for specificity in this circuit. And again, there are two pieces to the injunction. The first, again, says Amazon can't discharge employees because they engage in protected concerted activity. It doesn't specify what that means. The because engaging in protected concerted activity is, again, what's at dispute. It also doesn't limit it. Are we talking about union activity? Are we talking about supporting a union, protest activity, or the like? I see my time has expired. I'll reserve the rest for a moment. Thank you. Good morning, Your Honors. May it please the court. Chad Wallace for Theresa Poore in the National Labor Relations Board. Amazon's termination of Gerald Bryson was a demonstration to employees that it can fire anyone who dares challenge them and then cook up a pretext to paper over it. Amazon's sham investigation and pretextual termination of Mr. Bryson makes it more likely that Amazon will do the same to any employee who gets in their way. Therefore, an interim cease and desist order is necessary to protect employees who wish to exercise their rights under the act. But the premise of the order was that Mr. Bryson's firing might suppress or put fear in other people's minds with regard to supporting the union. And so therefore, his reinstatement was significant because of the chill that it might put over with regard to other employees who chose to organize, wasn't it? Correct. So the premise that it has to happen now is if he's not reinstated, it might impair the union organizing activity because of the threat of this happening to me. Correct. And the court didn't buy that. Correct. And you don't see air there. There are two aspects to the discharge, to the violation. Let's stick with this one first. So the underlying premise was he has to be reinstated. Otherwise, the union organizing activity will be suppressed. And the court said, well, frankly, the union has persevered. It won the election. 58% of the people voted. There's been a great deal of union activity at JFKA. Actually, some national attention to it. Meeting across the United States, etc., etc. And so the district court judge decided not to reinstate Mr. Bryson, right? Correct. All right. So now what is the premise for and there was not proof, nor was it litigated, that Amazon was generally discharging people for standing on a picket line, right? Correct. So what is the premise then of an injunction that says don't discharge people for union activity? When it's one person and the district court has decided the reason for reinstating him isn't apparent now. Not that he won't be reinstated because that's a later date. Correct. This is just interim relief. Correct. And so what's the premise that there's other prejudicial firings or other prejudicial activity that wasn't really litigated as part of the preliminary focus here? So there is evidence in the record. Because the way this circuit looks at it, we need to bifurcate the cease and desist versus the reinstatement. And this court identifies the cease and desist as a prohibitory relief and the reinstatement as mandatory relief. This court has said there is a higher threshold of evidence for mandatory relief. We're not contesting the lack of reinstatement. But we do posit that a cease and desist order is still necessary. There is evidence in the record that employees were afraid they would come up to Mr. Bryson and say, well, why should I support you? I don't want to get fired. Did the district court make any findings that there would be irreparable harm? The district court did not make. Did the district court make any findings that an injunction was necessary? The district court did not specifically, but did cite to the record, said that based on the. . . The answer is no. The district court did not make any such findings, right? Well, the court found that the record before it was sufficient to. . . It said that the opening paragraph is based on the record before it. It is just and proper. Is that enough? Yes. That is enough. A district judge does not need to make specific findings to support irreparable harm? No. I believe we include in the brief, and the case escapes me now, but as I understand it, as long as the judge references the record before it, saying that I have taken the record into account, and therefore find that, in this case, it's just and proper for a cease and desist order, that is sufficient. Does the district court use those words, even? I believe the district court said. . . If you'll get some indulgence for just a moment. It was. . . In any event, just and proper means irreparable harm. Correct. Or to preserve the status quo. Correct. And the district court. . . You're saying it's enough simply to say, I've considered the record. Yes. The court previously had explained what just and proper was, and then later said, based on the record before it, the court determines that it is just and proper for an interim cease and desist order. Going back to your Honor's question, as I mentioned, there was harm evidence, but the fact that there are some employees that still support does not mean that there's not the possibility of harm. Actually, the Sixth Circuit just affirmed a case against. . . It was a 10J case where the board sought reinstatement, and Starbucks had argued there that, well, the union won, so there wasn't irreparable harm, and the court said, no, that does not automatically mean there's no irreparable harm. There's also First Circuit cases that say just because there is support for the union doesn't mean there still can't be irreparable harm. This court has often stated that terminating employees who actively and openly advocate for themselves and their federal employees is a hallmark violation. It lives long. I don't dispute that, and Mr. Price is probably on the way to getting his job back, maybe in a later litigation in front of the board when the board finally finishes its review there. But my concern is that the application for the interim leave seemed to have been tethered to a sense of the ripples on the pond that were being created in the labor situation at JFK-8 with regard to his particular termination. Had this record had additional instances of other people on the information lines being threatened or someone coming up and saying, you know, this is going to jeopardize your job, just like Bryson. But that's not the case that was presented. The case was presented that Bryson got fired and it's going to affect other people. Correct. And so the relief, the entitlement to the relief was premised on the implications of Bryson's firing as opposed to some kind of general policy. I'm not saying that that did or didn't happen. That may be parts of other litigation problems or venues. But for the purpose of this order, that was the premise. And there are other cases where generalized language is used because there is a general policy. There are general policies at play where the employer is doing a number of different things that interferes with the employee's right to organize. And so we have some of our cases that have not had problems with this generalized language. But the problem I'm having is that when you repeat this kind of this generalized warning, but it's in the context of a particular incident and not a litigation of a number of incidents, I'm having trouble understanding how it complies with the specificity requirements of Rule 65. Well, in terms of Rule 65d, the Supreme Court in express publishing said that federal courts have broad power to restrain acts of the same type or class of unlawful acts that the court found were committed or whose commission in the future, unless enjoined, may be fairly anticipated from past conduct. Here, express publishing also noted that the National Labor Relations Act is not a monolith. It's several distinct sections. And therefore, any relief that is fashioned needs to be fashioned. The record has the one incident involving Bryson. And is there evidence in this record of any other incidents involving other employees? In terms specifically of firing employees? Or any similar conduct that would, just following up on Judge Wesley's question, that would warrant the generalized language? Well, first I would posit that it's not generalized language. It is specifically tailored. Is there evidence of any other incidents involving other employees? Any other employees being fired? Any other employees being mistreated in a way similar to Bryson? Any other evidence of efforts to squelch the activity? In this instance, are you talking about prior to the issuance of the injunction? I'm talking about in the two years since Bryson was fired. Right. So, well, in the year since we've had the injunction, no, because Amazon has been enjoined. And if the answer is no, what is the basis for saying there's a danger that it might happen again? Well, first of all, the analysis for just and proper is to prevent irreparable harm. I would say if it was consistently happening. To prevent irreparable harm, but there must be some likelihood that there will be irreparable harm. Right. Do you agree with that? I do. Is there any evidence here that there's a likelihood that there will be irreparable harm if the injunction is not issued? Yes. There is in the record several employees saying that this was particularly when Amazon, or excuse me, when the Amazon Labor Union was getting started, that when they were organizing employees, they had specifically said to ALU reps, I don't know if I want to support you. Am I going to get fired like Bryson? Or in some respects, because there is, they said they didn't know who he was. This is why I say it's bifurcating between the cease and desist versus the reinstatement. Employees can have a fear of being terminated without needing his reinstatement. They say, there was that guy that got fired. I don't want to get fired like that guy. And that would, therefore, require the cease and desist as opposed to the reinstatement, which the judge found, the district court found. So you say just the simple fact that he didn't necessarily, or that reinstatement wasn't necessary to kind of calm the waters or protect the waters, that that didn't necessarily preclude the cease and desist order? Correct, Your Honor. Okay. I see my time's up. May I just make a point to wrap that up? The district court looked at the evidence and asked how truly necessary was Mr. Bryson's return versus can the effect of the discharge be remedied with the cease and desist order? That's why answering no to the reinstatement doesn't mean no to the cease and desist order. How urgently necessary was Mr. Bryson's return versus employees seeing and hearing the posting and reading of the cease and desist order? The cease and desist remedy, it was sufficient to prevent likely irreparable harm and preserve the status quo. And the last point I would make is I just want to bring the court's attention to Canard v. Migo. On review, it's for abuse of discretion, and Canard v. Migo, this court was skeptical that an injunction was necessary in that case, but it stated it's not the court's role to substitute its judgment for the discretion of the court. So I ask that the court affirm the cease and desist order. Thank you. Thank you, Your Honor. Just a few quick points. Let me ask you first. The standard would be what, abuse of discretion, whether the district court abused its discretion? The standard is abuse of discretion in the issuance of the injunction, findings of fact reviewed for clear error, legal conclusions reviewed fully. And what's the abuse of discretion here? The abuse of discretion is issuing the injunction without finding one of the two necessary predicates for the exercise of that discretion, and that being that the relief was just improper. Not finding the standard met, therefore there was no basis to exercise the discretion. The standard of review on the Rule 65D question is de novo, and for that it's just a straight look at the injunction. I just want to address the quick point that even if the district court found that reinstatement, sorry, the district court's finding that reinstatement was not warranted to sort of address the problem is not the only basis from which you can't conclude in the order that the court thought that the cease and desist order was necessary to prevent some future or ongoing harm. That finding, the finding that reinstatement was not necessary, was based on the fact that there had been no evidence of any diminution in support or employee engagement in the union. The district court perceived on the record presented, and it was presented over several months, on the record presented that there was no evidence of employees having any sort of chill, any sort of risk to their support for the union. And to the contrary, that they had supported the union in earnest, again, receiving national attention. What about your colleague points to statements by employees that they didn't want to get fired like Bryson? The district court didn't buy that evidence. The district court thought that there was insufficient, they said there was no concrete, non-speculative evidence of employee chill. It was a hearsay statement within an affidavit of an unidentified employee, but the overwhelming evidence showed that people didn't know who Bryson was. He had to explain who he was, that he'd been fired, and that his termination had had no impact whatsoever on the union activity, and in fact the union activity had flourished. Unless the court has any further questions, we respectfully request that the injunction be vacated. Thank you. Thank you, Beth. We'll take the matter under advisement. Nicely argued. Thank you.